UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| Case No. | CV 12-08054 MMM (MANx) | Date | November 8, 2012 |
|---|---|---|---|

| Title | *Federal National Mortgage Association v. Maria Herrera, et al.* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

### I.  FACTUAL BACKGROUND

Plaintiff Federal National Mortgage Association commenced this unlawful detainer action on September 5, 2012 against Maria Elena Herrera and fictitious defendants in state court.[1]  Herrera removed the action to this court on September 18, 2012, asserting federal question jurisdiction under the National Housing Act of 1934, the Fourth Amendment, and the Internal Revenue Code.[2]  On October 9, 2012, plaintiff filed a motion to remand.[3]  Defendant filed opposition on October 19, 2012.[4]

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Sep. 18, 2012), Complaint for Unlawful Detainer ("Complaint") at 1.

[2] *Id*. at 2.

[3] Motion to Remand, Docket No. 4 (Oct. 9, 2012).

[4] Objection to Plaintiff's Motion to Remand, Docket No. 11 (Oct. 19, 2012).

1

Plaintiff alleges that it is entitled to possession of the real property located at 8834 Baring Cross St., Los Angeles, California 90044.[5] Herrera executed a deed of trust on the property to secure a promissory note payable to plaintiff as beneficiary. The deed of trust was recorded on May 7, 2007.[6] Herrera allegedly defaulted in making payments on the note; as a consequence, the trustee recorded a notice of default and election to sell the property under the power of sale contained in the deed of trust.[7] The trustee gave notice that the property would be sold at public auction, and recorded the notice of sale.[8] Herrera allegedly failed to cure the default, and the property was sold to plaintiff on July 30, 2012.[9] A trustee's deed upon sale was thereafter recorded, reflecting that plaintiff is the owner of the property and entitled to immediate possession of it.[10]

On August 21, 2012, plaintiff caused to be served (by posting and mail delivery) a written notice stating that it had purchased the property and that it demanded all persons vacate the premises.[11] Plaintiff alleges that defendant has failed to deliver possession of the premises.[12] It seeks immediate possession of the property, costs of suit, and other relief the court deems appropriate.

In support of her removal to federal court, defendant alleges that the foreclosure and purchase of the subject promissory note raise various federal questions.[13] She asserts that plaintiff has possibly purchased a counterfeit copy of the deed of trust and that the foreclosure was an improper non-judicial sale.[14]

## II.  DISCUSSION

### A.  Legal Standard Regarding Removal Jurisdiction

---

[5] Complaint, ¶ 8.

[6] *Id.*, ¶ 4.

[7] *Id.*, ¶ 5.

[8] *Id.*, ¶ 6.

[9] *Id.*, ¶ 7.

[10] *Id.*, ¶ 8.

[11] *Id.*, ¶ 10.

[12] *Id.*, ¶ 11.

[13] Removal at 2; see also *id.*, ¶ 2.

[14] *Id.*, ¶¶ 2, 4.

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons stated below, the court lacks subject matter jurisdiction and the action must be remanded to the Los Angeles Superior Court.

**B.  Federal Question Jurisdiction**

**1.  Legal Standard for Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely

because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### 2.      Whether Federal Question Jurisdiction Exists

There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, , 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

In both her notice of removal and opposition to plaintiff's motion to remand, Herrera asserts that she is entitled to remove under the National Housing Act of 1934, the Fourth Amendment to the United States Constitution, and 26 U.S.C. § 857.[15] She also alleges securities fraud.[16] These are federal defenses at best, and, as stated, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint. . . ." *Franchise*

---

[15] Removal, ¶ 8; Objection to Plaintiff's Motion to Remand, Docket No. 11 (Oct. 19, 2012). Section 857 of the Internal Revenue Code concerns the taxation of real estate investment trusts.

[16] Removal at 2.

*Tax Bd.*, 463 U.S. at 14. Because plaintiff's complaint itself does not present a federal question, either on its face or artfully pled, the court does not have jurisdiction under 28 U.S.C. § 1331.

### C. Diversity Jurisdiction

Herrera does not expressly argue that diversity jurisdiction is present. Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and is between "(1) citizens of different states. . . ." 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992).

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D.Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property"). Plaintiff does not expressly request holdover damages in its complaint; it acknowledges, however, that the action is a limited civil action, where the amount demanded may not exceed $10,000.[17] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). It asserts, moreover, that "simply [by] looking at the face of plaintiff's complaint, it is clear the amount in controversy does not exceed $10,000."[18] Because plaintiff filed the action as a limited civil action, seeking no more than $10,000, the court lacks diversity jurisdiction to hear the action.

### III. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, Herrera has failed to carry this burden. Consequently, the clerk is directed to remand the case to Los Angeles Superior Court forthwith.

---

[17] Complaint at 1.

[18] Motion to Remand Case to Los Angeles Superior Court, Docket No. 4 (Oct. 9, 2012).